## WALSH v. GRIFFITH ET AL.

EQUITABLE INTEREST IN LAND: SUBJECTED TO PAYMENT OF DEBTS: PURCHASE *pendente lite.*

*Appeal from Montgomery Circuit Court.*

FRIDAY, SEPTEMBER 21.

THE plaintiff alleges that in 1872 he loaned the defendant, E. M. Griffith, $190, and that, at the time said money was loaned, said defendant verbally agreed that in consideration of said loan, and to secure the same, he would execute and record a mortgage upon certain eighty acres of land in Montgomery county, and return it to plaintiff at Burlington; that defendant never executed the said mortgage, and that he is insolvent; that the defendants, E. M. Griffith and Martha Griffith, executed to the defendant, John Gosley, a deed to said land, to secure some claim of his against the other defendants, and that he holds the title in trust for them. The plaintiff tenders payment of

all claims the said Gosley may have against the other defendants, which are liens upon said land, and prays that the defendant, E. M. Griffith, may be compelled to execute a mortgage upon said land; that he may have judgment for the amount due him; that his lien may be enforced against said land; and that he have such further relief as he may be entitled to in equity. The cause was referred; and, upon the referee's report, judgment was rendered against the defendants, E. M. and Martha Griffith, for $394.90, which was declared a lien upon the land in controversy. The court found that the defendant, John Gosley, had a prior lien upon the land for the sum of $350, and decreed that the land be sold and the proceeds be applied: *First*, to the payment of costs; *Second*, to the payment of the amount due Gosley; *Third*, to the payment of plaintiff. The court further ordered that the defendant, John Gosley, might within ninety days pay the costs, and $394.90 to plaintiff, in which event the title should be quieted in him. The defendant, John Gosley, appeals.

*A. M. Walters*, for appellant.

*T. J. Trulock* and *J. B. Gregg*, for appellee.

DAY, CH. J.—I. The referee found that when the loan was made, and as an inducement to it, the defendant, E. M. Griffith, promised that in a few days thereafter he would execute and deliver to plaintiff a mortgage upon the land in question. It is insisted by appellant that this finding is not supported by the evidence. We deem it unnecessary to inquire into this question of fact. It is not disputed that the defendant, E. M. Griffith, is indebted to plaintiff in the amount for which judgment was rendered. If the deed to Gosley was intended merely as security, and Griffith still had an equity in the land, the judgment recovered by plaintiff could be enforced against that equity, whether there was any agreement to execute the mortgage or not.

II. The evidence shows clearly that the conveyance to Gosley was not intended to operate as an absolute conveyance, but that it was intended merely as security for certain liabilities assumed by Gosley on behalf of the plaintiff. It, therefore, is to be treated as a mortgage, and the Griffith's have still an equity in the lands which may be subjected to the payment of their debts. The referee found that the defendant, Gosley, had a lien upon the land for $350, and, from a careful examination of the testimony, we are satisfied that the finding is correct.

III. After the commencement of the suit, Gosley conveyed the land to one Holland. It is claimed that he cannot be affected by the decree. Holland was a purchaser *pendente lite*, and he can acquire no interest as against the plaintiff. Code, § 2628.

IV. It is claimed that certain evidence, rejected by the referee, shows that Griffith had conveyed his equity in the property to Frank M. Davis, and that Griffith had no interest in the property which could be subjected to the payment of plaintiff's demand. This evidence was not pertinent to any issue made in the case. If Davis has really an interest in the property, he will not be affected by these proceedings to which he is not a party.

The defendant, Gosley, will have ninety days from the entering of the de-

cree in this court within which to redeem, as designated in the decree of the court below. The judgment is

AFFIRMED.